## IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF KANSAS
## WYANDOTTE COUNTY, KANSAS

| | |
|---|---|
| **KENT G. MONTGOMERY**<br>408 N. Poplar<br>Solomon, Kansas 67480<br><br>**Plaintiff**<br><br>v.<br><br>**UNION PACIFIC RAILROAD COMPANY**<br><br>Serve:<br><br>The Corporation Company, Inc.<br>515 South Kansas Avenue<br>Topeka, KS 66603-0000 | Case No. 07-2274 CM |

## COMPLAINT AND JURY DEMAND

### COUNT I
### FEDERAL EMPLOYERS' LIABILITY ACT

COMES NOW Plaintiff, Kent G. Montgomery, by and through his attorneys, Hubbell Peak O'Neal Napier & Leach, and for his cause of action against the Defendant Union Pacific Railroad (hereinafter "Defendant") in Count I of this Complaint states:

1. Jurisdiction is proper in that this cause of action and is based upon and brought under the Federal Employers' Liability Act, 45 U.S.C. § 51, et sequitur, and 28 U.S.C. §1331.

2. Plaintiff demands a trial by jury at the Kansas City, Kansas location.

3. Plaintiff is a resident of Solomon, Dickinson County, Kansas.

4. Defendant is and was at all times herein mentioned a corporation engaged in the operation of a system of railways as a common public carrier of freight for hire between the various states of the United States and engaged in interstate commerce by railroad.

5. Defendant operates trains in the transportation of freight for hire in and between

the states of Kansas and Missouri and is and was at all times herein mentioned engaged in business in the state of Kansas. Furthermore, Defendant was at all times herein engaged in substantial business in Kansas City, Wyandotte County, Kansas.

6. At all times material hereto, Plaintiff was employed by the Defendant as a railroad engineer. Part of his duties were in furtherance of interstate commerce and directly and substantially affected such commerce, and at all times material hereto, Plaintiff was employed by and engaged with the Defendant in interstate commerce.

7. On or about May 6, 2007, it became and was Plaintiff's duty to work as an engineer on a train that was traveling from Kansas City to Salina, Kansas. During the course of this trip near Fort Riley, Kansas, at approximately milepost 137, the train which Plaintiff was operating in the hours of darkness, rounded a curve and approached a bridge that had been damaged by heavy rains. As the locomotive which Plaintiff was operating traveled over the bridge, the bridge collapsed. The collapse of this bridge caused the lead locomotive to fall into the creek and thereafter be struck in the rear by the second locomotive that was coupled to the lead locomotive. Plaintiff was violently knocked out of his chair and thrown about within the locomotive cab during this collision and crash. As a direct result, Plaintiff was severely injured.

8. At all relevant times mentioned herein, Plaintiff was acting within the course and scope of his duties as an employee of Defendant.

9. Plaintiff's aforesaid injuries were directly caused, in whole or in part, by the negligence of Defendant in that the Defendant failed to provide a reasonably safe place to work, reasonably safe conditions for work and reasonably safe track structures for work. The negligence of the Defendant, although not limited to the following respects, was the direct cause, in whole or in part, of Plaintiff's injuries, to wit:

a. Defendant negligently failed to assign and dispatch track inspectors to the location where this bridge was located prior to Plaintiff's train passing over that bridge in order to determine whether the road bed and track structures of the bridge could support a train under the conditions that then and there existed when the defendant knew or by the exercise of ordinary care should have known that in failing to do so, employees of defendant, including plaintiff, would likely be injured thereby.

b. Defendant negligently failed to inspect the defective conditions of the road bed, track structures and the bridge that collapsed when Plaintiff's train traveled over the bridge, when the defendant knew or by the exercise of ordinary care should have known, that by failing to do so employees of Defendant, including plaintiff, would likely be injured thereby.

c. Defendant negligently failed to maintain the road bed, track structures and the bridge that collapsed when Plaintiff's train passed over it when the defendant knew or by the exercise of ordinary care should have known that by failing to do so employees of Defendant, including plaintiff, would likely be injured thereby.

d. Defendant negligently failed to adequately warn plaintiff that the bridge which plaintiff's train was going to pass over would not support the locomotive due to the defective conditions of the road bed, track structures and the bridge when the defendant knew or by the exercise of ordinary

care should have known that in failing to do so, employees of defendant, including plaintiff, would likely be injured thereby.

e.  Defendant negligently failed to properly train, educate and supervise its on-duty dispatcher so that said dispatcher could recognize the severity of the weather conditions and then dispatch track inspectors to the area and also warn train crews of the unsafe conditions when the Defendant knew or by the exercise of ordinary care should have known that in failing to do so, employees of defendant, including plaintiff, would likely be injured thereby.

f.  Defendant negligently failed to properly train, educate and supervise its track maintenance employees and track inspectors to inspect and maintain the subject bridge so that under conditions of inclement weather the bridge would be capable of supporting a locomotive passing over it, when the defendant knew or by the exercise of ordinary care should have known that in failing to provide such supervision and training that it was likely that defendant's employees, including plaintiff, would be injured thereby.

g.  The Defendant negligently failed to advise the plaintiff of the conditions that existed at the bridge and advise Plaintiff to stop the train short of the bridge when the defendant knew or by the exercise or ordinary care should

        have known that in failing so to do, that Defendant's employees, including Plaintiff, would be injured thereby.

   h.   Defendant negligently failed to stop or divert the route of Plaintiff's train so said train would avoid this particular track and bridge area, under the conditions that then and there existed, when the defendant knew or by the exercise of ordinary care should have known that in failing so to do that the Defendant's employees, including Plaintiff, would likely be injured thereby.

10.   As a direct result of the aforesaid negligence of Defendant, Plaintiff suffered severe spraining, twisting, tearing, dislocation, herniation, and straining of the muscles, tendons, nerves, ligaments, soft tissues, discs and vertebra of his neck and back, shoulders, knees and arms. These injuries resulted in severe pain and required plaintiff to undergo extensive medical treatment. In addition to these physical injuries, plaintiff has sustained a post traumatic stress disorder and other mental and emotional trauma for which he was required to undergo psychological counseling and other modalities of psychological treatment. Plaintiff continues to suffers from severe pain and mental anguish.

11.   On account of said injuries, Plaintiff has undergone extensive medical care and treatment, and Plaintiff will be required to seek medical treatment in the future. The strength, use and function of Plaintiff's back, neck, shoulders, knees and arms and his general health and

strength have been permanently weakened, diminished and impaired. Plaintiff has incurred medical and pharmaceutical expenses, which he will continue to incur in the future, he has lost wages and will continue to lose wages in the future. His future ability to work and labor and his future earning capacity has been permanently diminished and impaired. Because of said injuries, Plaintiff has lost capacity for enjoyment of life in the past and will suffer loss of capacity for the enjoyment of life in the future. Also, as a direct result of these injuries, plaintiff has suffered the loss of his fringe benefits and will in the future lose additional fringe benefits. Further, as a direct result of these injuries, Plaintiff has been unable to perform his usual and normal household services and will in the future be unable to perform such services and he has suffered various other injuries and damages as a result of the negligence of Defendant. By reason of the facts herein alleged, Plaintiff has suffered damages in excess of minimum jurisdictional limits of this Court.

WHERFORE, PREMISES CONSIDERED, Plaintiff prays for judgment against Defendant in an amount in excess of the minimum jurisdictional limits; for his costs; for post-judgment interest, for his attorneys' fees; for trial by jury at Kansas City, Kansas and for all other relief to which he may be entitled.

## COUNT II

## NEGLIGENCE PER SE

## (FEDERAL TRACK SAFETY STANDARDS)

Plaintiff, for his cause of action against the Defendant in this Count II of this Complaint, states and alleges as follows:

12. This action is based upon and brought under the Federal Employers' Liability Act, 45 U.S.C., §§ 51, et sequitur, and the Federal Track Safety Standards, 49 U.S.C. §§ 213, et sequitur, as incorporated in the Federal Railroad Safety Act of 1970, 45 U.S.C.A.

13. Plaintiff realleges, adopts and incorporates herein each and every allegation of the statements contained in paragraphs numbered 1-11 of Count I of his Complaint, the same as if said allegations and statements were herein set forth in their entirety.

14. Defendant negligently and in violation of 49 C.F.R, §§ 213 of the Federal Track Safety Standards specifically, Sub-Part B §§ 213.31- 213.33 and 213.101, 213.103, 213.109, failed to comply with Federal Track Safety Standards and such failure to comply with these Standards caused and contributed to the collapse of the bridge and to Plaintiff's injuries, when the Defendant knew or by the exercise of ordinary care should have known that failure to comply with such Track Safety Standards, that employees of Defendant, including Plaintiff, would likely be injured thereby..

WHEREFORE, Plaintiff prays judgment against Defendant as follows:

a. For actual damages, both pecuniary and non-pecuniary which are fair and reasonable for the injuries sustained by Plaintiff.

b. For Plaintiff's costs herein incurred and expended; and

c. For such other and further relief as this Court deems just and proper.

Respectfully submitted,

HUBBELL PEAK O'NEAL NAPIER & LEACH

*/s/ Gene C. Napier*
Gene C. Napier, KS Bar No. 77849; MO No. 24607
John T. Peak, MO Bar No. 20419
Jason R. Keck, KS Bar No. 20652
30 West Pershing Road, Suite 350
Kansas City, Missouri 64108
(816) 221-5666
(816) 221-5259 (facsimile)

ATTORNEYS FOR PLAINTIFF

**REQUEST FOR JURY TRIAL**

Plaintiff respectfully requests trial hereof by jury at the Kansas City, Kansas location.

*/s/ Gene C. Napier*
Attorney for Plaintiff