**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS**

| | |
|---|---|
| KENNETH MARCOTTE,         )<br>                                           )<br>              Plaintiff,          )<br>                                           )<br>v.                                      )    Case No. 07-2273-CM<br>                                           )<br>UNION PACIFIC RAILROAD COMPANY,   )<br>                                           )<br>              Defendant.       )<br>_____)<br>                                           )<br>KENT G. MONTGOMERY,      )<br>                                           )<br>              Plaintiff,          )<br>                                           )<br>v.                                      )    Case No. 07-2274-CM<br>                                           )<br>UNION PACIFIC RAILROAD COMPANY,   )<br>                                           )<br>              Defendant.       )<br>_____)  | |

**ORDER**

This matter come before the court upon the parties' oral motion to consolidate, for the purposes of discovery, the present case, *Montgomery v. Union Pacific Railroad Company*, Case No. 07-2274-CM, with *Marcotte v. Union Pacific Railroad Company*, Case No. 07-2273-CM.

On June 26, 2007, plaintiff Montgomery filed the present case, bringing a claim under the Federal Employers Liability Act, 45 U.S.C. § 51 *et seq.*, and asserting a claim of negligence per se against defendant Union Pacific Railroad Company.[1] Plaintiff Marcotte who is represented by the same counsel as plaintiff's counsel in the present case, filed his lawsuit the same day asserting the

---

[1] *See* Complaint (Doc. 1).

same causes of action as the present case.[2] On September 7, 2007, the court conducted the telephone scheduling conference in the present case.[3] At this time, the court learned from the parties that the *Marcotte* case arose from the same circumstances and events, and that the parties wished to combine the cases for purposes of discovery.

Federal Rule of Civil Procedure 42(a) allows a court to consolidate "any or all the matters in issue in the actions" if the actions involve a "common question of law or fact." The decision whether to consolidate such actions is left to the sound discretion of the trial court.[4] The foremost consideration for the court "is whether consolidating the cases promotes judicial efficiency without unduly prejudicing a party."[5]

After reviewing the pleadings and record in both cases, the court finds that consolidation for purposes of discovery would serve the interests of judicial economy without unfairly prejudicing the parties. Accordingly, the court will order that both cases be consolidated for purposes of discovery.

Although the general rule is to designate the first filed case as the lead case, Case No. 07-2274 shall be designated as the lead case as the Scheduling Order has already been entered and discovery is being conducted in the present case. All future filings in the consolidated actions shall bear the double caption for both cases, as employed in this order; however, all such documents shall be electronically filed only in Case No. 07-2274 until further order of the court.

---

[2] *See* Case No. 07-2273 (Doc. 1)

[3] *See* Scheduling Order (Doc. 6).

[4] *Shump v. Balka*, 574 F.2d 1341, 1344 (10th Cir. 1978).

[5] *Jackson v. John Hancock Fin. Servs.*, No. 04-2500, 2005 U.S. Dist. LEXIS 8935, at. * 3 (D. Kan. September 20, 2005).

**IT IS THEREFORE ORDERED:**

1. That the parties' oral motion to consolidate cases is hereby GRANTED.

2. That Case Nos. 07-2273-CM and 07-2274-CM are hereby consolidated for purposes of discovery.

3. That Case No. 007-2274-CM shall be designated as the lead case and all future filings in the consolidated action shall be made only in Case No. 07-2274-CM until further order; however, all such filings shall be captioned in the manner employed in this order.

4. That the clerk's office is directed to make any other administrative changes necessary to reflect that Case Nos. 07-2273-CM and 07-2274-CM are related cases that have been consolidated for purposes of discovery.

5. That the telephone scheduling conference set in Case No. 07-2273-CM for **November 5, 2007 at 2:00 p.m.** is cancelled.

6. That the Scheduling Order (Doc. 6) in Case No. 07-2274-CM shall also govern the Case No. 07-2273-CM until further order.

7. That both cases have separate trial dates set on the court's trailing docket beginning on December 3, 2008.

**IT IS SO ORDERED.**

Dated this 11th day of October, 2007, at Topeka, Kansas.

s/ K. Gary Sebelius
K. Gary Sebelius
U.S. Magistrate Judge
